Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA WASHINGTON, an individual;<br><br>Plaintiff,<br><br>v.<br><br>QUALITY ACCEPTANCE, LLC, a domestic limited-liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation;<br><br>Defendants. | Case No.: 2:20-cv-01986<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Pamela Washington ("Plaintiff"), by and through the undersigned counsel of record, and for her claims for relief against Defendants, Quality Acceptance, LLC ("Quality Acceptance") and Experian Information Solutions, Inc. ("Experian"), (collectively referred to as "Defendants") complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

4. Under 28 U.S.C. § 1391(b), venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual residing in the State of Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. Quality Acceptance is a domestic limited-liability company doing business in the State of Nevada.

8. Quality Acceptance regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. Experian is a foreign corporation doing business in the State of Nevada.

10. Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

12. Experian disburses said consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

14. On or about March 2019, Plaintiff incurred an auto loan with Quality Acceptance, under Account # 2003XXXX (the "Debt").

15. On April 11, 2019, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court, District of Nevada, under Case No.: 19-12223-mkn (the "Bankruptcy").

16. On July 18, 2019, Plaintiff and Quality Acceptance entered into a Reaffirmation Agreement for the Debt (the "Reaffirmation Agreement").

17. Under the Reaffirmation Agreement, Plaintiff agreed to remain personally liable for the Debt.

18. Under the Reaffirmation Agreement, the Debt was not discharged through the Bankruptcy.

19. On July 22, 2019, the Bankruptcy was discharged and closed.

20. In January 2020, Plaintiff obtained a copy of her Experian credit report and became aware that Defendants were reporting inaccurate information concerning the Debt.

21. Defendants fail to report that Plaintiff reaffirmed the Debt under the Reaffirmation Agreement with Quality Acceptance.

22. Instead, Defendants report inaccurately that the Debt was discharged through the Bankruptcy with a $0 balance.

23. Defendants report inaccurately that the Debt is "Closed."

24. Plaintiff disputed the accuracy of the Debt to Experian online under Dispute # 1851-7260-67 ("Plaintiff's Dispute").

25. Plaintiff's Dispute detailed the inaccuracies referenced above and demanded correction.

26. On information and belief, after receiving the online dispute from Plaintiff, Experian communicated Plaintiff's dispute to Quality Acceptance.

27. Despite proper notice of the dispute, Defendants failed to conduct a reasonable reinvestigation as required under the FCRA and confirmed and verified the false and derogatory information and demanded that the false and derogatory information remain on Plaintiff's credit profiles.

28. Defendants failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's disputes.

29. Defendants also failed to report that Plaintiff disputes the accuracy of the credit reporting.

30. Upon receiving notice of Plaintiff's dispute of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit report.

31. Defendants failed to conduct a lawful investigation of the Debt.

32. Defendants failed to investigate Public Access to Court Electronic Records (PACER) in response to Plaintiff's Dispute.

33. In failing to correct the credit errors, Defendants continued to report inaccurate information in violation of the FCRA.

34. In failing to correct the credit reporting errors, Defendants provided misleading information on Plaintiff's credit reports in violation of the FCRA.

35. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score adversely.

## FIRST CLAIM FOR RELIEF

### [Violations of 15 U.S.C. § 1681e(b) against Experian]

36. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

37. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

38. As a direct and proximate result of this conduct, action, and inaction of Experian, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of the ability to purchase and benefit from credit.

39. Experian's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

40. In the alternative, Experian was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

41. As a direct and proximate result of the above-referenced violations by Experian, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

42. Plaintiff is entitled to recover costs and attorneys' fees from Experian in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

43. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

44. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

### [Violations of 15 U.S.C. § 1681i against Experian]

45. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

46. Experian violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit file after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Quality Acceptance, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source it has reason to know is unreliable.

47. Experian further violated 15 U.S.C. § 1681i by failing to report that Plaintiff disputes the validity of the credit reporting associated with the Quality Acceptance tradeline.

48. As a direct and proximate result of this conduct by Experian, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of the ability to purchase and benefit from credit.

49. Experian's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

50. Plaintiff is entitled to recover costs and attorneys' fees from Experian in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

51. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

52. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

### THIRD CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681s-2(b) against Quality Acceptance]**

53. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

54. Quality Acceptance violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the false representations within Plaintiff's credit files with Experian; by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Experian accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

55. As a direct and proximate result of the conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

56. Quality Acceptance's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

57. In the alternative, Quality Acceptance was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

58. As a direct and proximate result of the above-referenced violations by Quality Acceptance, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

59. Plaintiff is entitled to recover costs and attorneys' fees from Quality Acceptance in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

60. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

61. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: October 27, 2020

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*